UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| MALCOLM WILSON, ) | |
|           ) | |
|     Petitioner, ) | |
| v.        ) | No. 1:06-cv-109-SEB-VSS |
|           ) | |
| STANLEY KNIGHT, ) | |
|           ) | |
|     Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

   Malcolm Wilson ("Wilson") was charged in a prison disciplinary matter identified as No. ISR 05-08-0101 with battery but after hearing the evidence a conduct board found Wilson guilty of the related offense of physically resisting. Contending that the proceeding is tainted with constitutional error, Wilson seeks a writ of habeas corpus. The court finds, however, that there was no error of that nature and that Wilson's habeas petition must therefore be denied. This conclusion rests on the following facts and circumstances:

   1.   Wilson is entitled to a writ of habeas corpus if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

   2.   Under Indiana law, state prison inmates have a protected liberty interest in earned good-time credits and in credit-earning class, IND. CODE §§ 35-50-6-4, 35-50-6-5 (2000), and the state may not deprive inmates of good-time credits without following constitutionally adequate procedures to insure that the credits are not arbitrarily rescinded. *Meeks v. McBride,* 81 F.3d 717, 719 (7th Cir. 1996) (citing *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974)). In these circumstances, Wilson was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision-maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

   3.   Under *Wolff* and *Hill,* Wilson received all the process to which he was entitled. His only claims otherwise are that there was insufficient notice, that there was insufficient evidence, that the hearing was held outside the ADP timelines, and that the conduct board failed to review all the evidence and improperly admitted other evidence.

a. Wilson's contention that he was not given advance notice of the lesser charge of physically resisting is meritless. There was adequate notice to him because there was no change in the factual basis for the offense for which he was ultimately found culpable. Because the factual basis of the conduct report gave Wilson all the information he needed to defend against the infraction of Insolence, the finding of this related charge did not deprive him of due process. *See Northern v. Hanks,* 326 F.3d 909, 910-11 (7th Cir. 2003) (where petitioner was notified of facts underlying the charge, there was no due process violation where reviewing authority modified the charge on appeal). Even in the more formal and regimented setting of criminal law, "[b]ecause the lesser offense necessarily contains a subset of the elements of the greater offense, it is appropriate and 'common sense' to order conviction on the lesser charge when the evidence supports the lesser offense." *United States v. Cavanaugh,* 948 F.2d 405, 412 (8th Cir. 1991).

b. Wilson argues that there was insufficient evidence to support the conduct board's decision. The conduct report, however, recites that as the reporting officer was performing a search of offender Henson at noon on August 8, 2005, Henson yelled to Wilson and threw out a white square object. Wilson was ordered to cuff up, and while the effort was in place to do this Wilson elbowed the reporting officer with his left elbow, yelled at the officer, and ran into the shakedown booth. This account relays how Wilson impeded and resisted staff in the circumstances described. The "some evidence" standard of *Hill* is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). The weighing of conflicting evidence, moreover, is a task of the fact-finder, not a federal court exercising habeas corpus jurisdiction. *See Meeks v. McBride,* 81 F.3d 717, 720 (7th Cir. 1996) ("because the 'some evidence' standard . . . does not permit courts to consider the relative weight of the evidence presented to the disciplinary board, it is '[g]enerally immaterial that an accused prisoner presented exculpatory evidence unless that evidence directly undercuts the reliability of the evidence on which the disciplinary authority relied' on support of its conclusion")(quoting *Viens v. Daniels,* 871 F.2d 1328, 1335 (7th Cir. 1989)). Indeed, even "meager" proof will suffice. *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000). In this case, Wilson's actions were those of an inmate resisting staff. The evidence was sufficient.

c. Wilson claims that the disciplinary hearing was held within the time period specified by prison regulations. Even assuming there is a factual basis for this claim, however, the mere violation of such a policy does not constitute even a cognizable claim under § 2254. *Evans v. McBride*, 94 F.3d 1062 (7th Cir. 1996). As to the actual interval involved, the conduct report was issued on the date of the incident, August 8, 2005, and the hearing was held less than five (5) weeks later, on September 15, 2005. Whether delay in a prison disciplinary hearing violates due process is a function of whether the delay in some way prejudiced the prisoner's ability to present his case. *United States ex rel. Houston v. Warden,* 635 F.2d 656, 658-59 (7th Cir. 1980), *cert. denied,* 454 U.S. 843 (1981). No prejudice has been shown in this case, and the "delay" was exceedingly brief.

      d.    Wilson contends that the conduct board failed to review all the evidence and improperly admitted other evidence. The expanded record, however, shows otherwise, and Wilson has not argued that he is entitled to relief as to this claim.

      4.    "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Wilson to the relief he seeks. His arguments that he was denied the protections afforded by *Wolff* and *Hill* are either refuted by the expanded record or based on assertions which do not entitle him to relief. Accordingly, his petition must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

      **IT IS SO ORDERED**.

Date: 09/05/2006

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana